IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 19 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01751-OES

JOHNNY L. REYNOLDS,

    Applicant,

v.

WARDEN GARY WATKINS,
DEPARTMENT OF CORRECTIONS (CDOC), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER TO CLARIFY

---

    Applicant Johnny L. Reynolds has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons stated below, Mr. Reynolds will be ordered to clarify the claims he seeks to raise in the instant action.

    On Page Five of the Court-approved form, Applicant states that he has not fairly presented each of the claims asserted in the instant action to the state's highest court. He further states that the ineffective assistance of counsel claim, which he raised in his Colo. R. Crim. P. 35(c) postconviction motion, was not presented to the state's highest court. Nonetheless, Mr. Reynolds does not list the ineffective assistance of counsel claim as one of the three claims on Pages Five and Six of the Application form that he seeks to raise in this Court.

    If Applicant intends to assert his ineffective assistance of counsel claim in the instant action, even if state remedies properly have been exhausted as to the three

claims listed on Pages Five and Six, the Application is subject to dismissal as a mixed petition, unless all of the claims properly have been exhausted. **See Rose v. Lundy**, 455 U.S. 509, 522 (1982); **Harris v. Champion**, 48 F.3d 1127, 1133 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Although Mr. Reynolds may elect to pursue only the claims for which state remedies have been exhausted, a decision to immediately pursue his exhausted claims likely will bar him from seeking review in a second or successive application of any of the claims that currently are not exhausted. See 28 U.S.C. § 2244(b).

Mr. Reynolds will be directed to respond to the Court's Order and inform the Court as to his intentions regarding the claims he seeks to raise before the Court. Accordingly, it is

ORDERED that Applicant respond to the Court's Order as directed above. It is

FURTHER ORDERED that the Response shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294, within thirty (30) days from the date of this Order. It is

FURTHER ORDERED that if Mr. Reynolds fails to respond to the Court's satisfaction within the time allowed, the Court will assume that Applicant intends to proceed only with the three claims as identified on Pages Five and Six, including destruction of evidence, **Miranda** rights, and improper answers, and will proceed to review the merits of the three claims. It is

2

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action, filed September 15, 2005, is denied as moot, as the $5.00 filing fee was paid on September 26, 2005.

DATED at Denver, Colorado, this 19 day of October, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01751-OES

Johnny L. Reynolds
Reg. No. 113703
FCF – 6 Upper
P.O. Box 999
Canon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/19/05

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk